

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 5, 1951

Hon. Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. V-1183.

Re: Legality of deducting amount
of Federal Automobile Man-
ufacturers' Tax when com-
puting State motor vehicle
retail sales tax on automo-
biles previously registered
tax free.

Dear Sir:

We quote the following excerpt from your letter of Feb-
ruary 16, 1951, requesting the opinion of this office on the above
captioned matter.

"Article 7047k and 7047k-1, Section 1(a) read in
part as follows:

" ' * * * In the event the consideration received
by the seller includes any tax imposed by the Federal
Government, then such Federal tax shall be deducted
from such consideration for the purpose of computing
the amount of tax levied by this Article upon such re-
tail sale.'

"We have been requested to advise when the Fed-
eral tax loses its identity, for example: A dealer re-
ceives a car from the manufacturer is charged /sic/
with the Federal tax, however, this particular dealer
registers this new automobile in the name of the Com-
pany without paying the Motor Vehicle Retail Sales Tax,
levied by Article 7047k, filing an affidavit with the Coun-
ty Tax Assessor-Collector stating that he had purchased
the motor vehicle for re-sale only and not for use, sur-
rendering at the same time the manufacturer's certifi-
cate to the Tax Assessor-Collector. Afterwards the
dealer sells this same automobile to an individual or
company for use, assigning the title to the purchaser.
This purchaser makes application to the Assessor-Col-
lector for transfer of the title, and files his affidavit
for payment of the Motor Vehicle Retail Sales Tax; and
in this application deducts the amount of the Federal tax
from the total purchase price.

"Is the Tax Assessor-Collector authorized to
accept this application for transfer of title, and affi-
davit for the payment of the Motor Vehicle Retail Sales
Tax, with the Federal tax deducted; or was the Federal
tax extinguished on the first registration of this car?

"In other cases a used car dealer acquires new
cars from various sources, registers them in his name
without paying the sales tax, filing an affidavit that each
motor vehicle has been purchased for re-sale only and
not for use. Upon the sale of such a motor vehicle to a
person or company for use an affidavit is filled out for
the purchaser's signature to be filed with the Assessor-
Collector and to be used by the Assessor-Collector in
calculating the taxes due on the sale. In each instance
the Federal tax is deducted from the total consideration.
Should the Federal tax be deducted from the total con-
sideration paid to the used car dealer before the tax is
calculated by the Assessor-Collector?"

Neither the certificate of title act (Article 1436-1, V.
P.C.) nor the provisions of our registration statutes (Articles 6675a-
1 et seq, V.C.S.) can be considered in construing this specific tax
statute. We are here considering a specific statute dealing with a
specific subject which is not related to certificates of title or regis-
tration.

The provisions of the motor vehicle retail sales tax act
proper, Article 7047k, V.C.S., and of the temporary additional mo-
tor vehicle retail sales tax act, Article 7047k-1, are identical except
that the amount of the temporary additional tax, which is to be levied
only upon the sale or use of motor vehicles prior to midnight August
31, 1951, is less than the amount of the tax levied by Article 7047k.

Section 1(a) of Article 7047k reads as follows:

"There is hereby levied a tax upon every retail
sale of every motor vehicle sold in this State, such tax
to be equal to one (1) per cent of the total consideration
paid or to be paid to the seller by the buyer, which con-
sideration shall include the amount paid or to be paid
for said motor vehicle and all accessories attached
thereto at the time of the sale, whether such consider-
ation be in the nature of cash, credit, or exchange of
other property, or a combination of these. In the event
the consideration received by the seller includes any
tax imposed by the Federal Government, then such Fed-
eral tax shall be deducted from such consideration for
the purpose of computing the amount of tax levied by
this Article upon such retail sale."

Section 3(b) of Article 7047k reads as follows:

"The term 'retail sale' or 'retail sales' as herein used shall include all sales of motor vehicles except those whereby the purchaser acquires a motor vehicle for the exclusive purpose of resale and not for use."

Section 5 of Article 7047k reads, in part, as follows:

"The taxes levied in this Article shall be collected by the Assessor and Collector of Taxes of the county in which any such motor vehicle is first registered or first transferred after such a sale; the Tax Collector shall refuse to accept for registration or for transfer any motor vehicle until the tax thereon is paid."

It is clear from the above quoted statutory provisions that in both of the submitted fact situations no "retail sale," within the meaning of Section 3(b), was made until after the first registration of the cars. The tax levied by Section 1(a) was levied upon the second sale of each car since the second sale was a "retail sale" within the meaning of Section 3(b). This being so, we are of the opinion that in computing the tax due on these "retail sales" the amount of the Federal Automobile Manufacturers Tax, which tax was included in the consideration received by the seller, as evidenced by the buyer's affidavits (Article 7047k, Sec. 5a), was properly deducted from the total consideration received by the seller.

Our conclusion is consistent with the obvious legislative purpose in providing for a deduction of Federal taxes. The Legislature was undoubtedly aware of the fact that the amount of the Federal excise tax on a sale by the manufacturer of an automobile would be included in the consideration paid by the first buyer to purchase the car for his own use. The Legislature avoided imposing a tax upon a tax by allowing a deduction of the amount of the Federal tax before computing the amount of the State sales tax. The preceding sales which occurred in the submitted fact situations do not affect the incidence of the tax on the first "retail sales" or the right to deduct the amount of the Federal tax in the process of its computation.

We understand that it has been your consistent departmental construction that the right to deduct the amount of the Federal tax from the total consideration paid is accorded only to the first buyer of a motor vehicle for use. The continued acquiescence of the Legislature in your administrative interpretation supports this view, and it is our opinion the statute is properly so interpreted.

## SUMMARY

In computing the retail sales tax imposed by Articles 7047k and 7047k-1, the amount of the Federal Automobile Manufacturer's Tax which was included in the consideration paid the seller by the first buyer of an automobile for his own use may be deducted from the total consideration paid, despite the fact that the automobile had been previously registered tax free by the seller who had purchased it for purposes of resale only.

Yours very truly,

PRICE DANIEL

By *Marietta M. McGregor Creel*
Mrs. Marietta McGregor Creel
Assistant

APPROVED:

Jesse P. Luton, Jr.
Reviewing Assistant

Charles D. Mathews
First Assistant

MMC/mwb